Filed 7/18/22 P. v. Ramirez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C094719 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2006-0007920, SF099153A) |
| v. | |
| TONY AUDENCIO RAMIREZ, | |
| Defendant and Appellant. | |

Defendant Tony Audencio Ramirez challenges a postconviction order that summarily denied his request for appointment of counsel to prepare a motion for forensic deoxyribonucleic acid (DNA) testing. The Attorney General agrees remand is appropriate; although he does not explicitly concede appointment of counsel must be ordered, he observes "it appears" that the statutory requirements are met and the trial court would have no discretion to deny defendant's request. We agree and reverse the order denying the request and remand with directions to appoint counsel.

1

BACKGROUND

After a jury found defendant guilty of numerous felonies, the trial court sentenced him to an aggregate term of life without the possibility of parole (LWOP), plus 75 years to life to run consecutive to the LWOP, and a determinate term of 29 years to run consecutive to the LWOP and 75-year-term. While serving his term, defendant filed a motion in propria persona pursuant to Penal Code section 1405, requesting the trial court appoint him counsel in order to prepare a motion for postconviction DNA testing.[1] The motion claimed that defendant was not the perpetrator of the crimes for which he was convicted, that "DNA testing is critical and relevant to [defendant's] assertion of his innocence," and that "the testing of ballistics, shell casings, finger prints, and gun powder residue will reveal that [defendant] is not the perpetrator of the crimes." The motion further alleged defendant was indigent and had not previously been appointed counsel under section 1405. The trial court denied defendant's motion without stating any reasons. Defendant timely appealed.[2] After several continuances of the briefing schedule, the case was fully briefed on April 29, 2022, and assigned to this panel on May 5, 2022. The parties waived argument on July 5, 2022, and the cause was submitted.

DISCUSSION

Section 1405 allows a convicted felon who is serving a term of imprisonment to file a postconviction motion for DNA testing. (§ 1405, subd. (a).) If the prisoner is indigent, he or she may also request the trial court to appoint counsel to investigate and, if appropriate, file a DNA testing motion. (§ 1405, subd. (b)(1).) This request must

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Because the Attorney General agrees the trial court's order is appealable in this case, we do not discuss whether the challenge is more appropriately brought as a writ petition. (See § 1405, subd. (k).)

"include the person's statement that he or she was not the perpetrator of the crime," "explain how the DNA testing is relevant to his or her assertion of innocence," and "include the person's statement as to whether he or she previously has had counsel appointed under this section." (§ 1405, subd. (b)(1).) The trial court must appoint counsel upon a finding that the person is indigent, the request includes all information required in subdivision (b)(1), and that counsel has not previously been appointed. (§ 1405, subd. (b)(3)(A); *In re Kinnamon* (2005) 133 Cal.App.4th 316, 323 [a trial court has no discretion to deny a facially sufficient § 1405 request for appointment of counsel].)

Here, defendant's request satisfied the requirements in section 1405, subdivision (b)(1). The request stated that he was not the perpetrator of the crime, that the testing would prove his innocence, and that he was indigent and had not yet been appointed counsel under section 1405. We have found no indication in the record that defendant is not indigent or that counsel has previously been appointed under section 1405. The trial court was therefore required to appoint counsel (*In re Kinnamon*, *supra*, 133 Cal.App.4th at p. 323), and is directed to do so on remand.

## DISPOSITION

The trial court's order denying defendant appointment of counsel to assist with a section 1405 motion is reversed. The case is remanded with directions to the trial court to appoint counsel to represent defendant, should he remain indigent, to investigate the merits of filing a motion for DNA testing, and to prepare the motion if it appears to meet the requisite statutory criteria.


                                                           /s/
                                              Duarte, J.


We concur:


     /s/
Hull, Acting P. J.


     /s/
Renner, J.